IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KERRY RAY LAMPKIN, SR. and KERRY RAY LAMPKIN, JR., *Plaintiffs*, | § | No. 1:25-CV-1189-DAE |
| v. | § | |
| DASH RECOVERY, LLC, *et al.*, *Defendants*. | § | |

ORDER

Before the Court is the Report and Recommendation ("Report") filed by United States Magistrate Judge Dustin Howell on October 17, 2025 (Dkt. # 13.) Plaintiffs Kerry Ray Lampkin, Sr. and Kerry Ray Lampkin, Jr. ("Plaintiffs" or "Lampkin") timely objected to the report on October 31, 2025, November 7, 2025, and February 24, 2026 ("Objections"). (Dkt. ## 18, 28, 33.)

The Court finds this matter suitable for disposition without a hearing. After conducting a de novo review of the objected-to portions of the Report and reviewing the unobjected-to portions for clear error, the Court **ADOPTS** the Report and Recommendation. (Dkt. # 13.) Accordingly, the Court **DISMISSES**

**WITHOUT PREJUDICE** Plaintiffs' cause of action. The Court **DENIES** Plaintiffs' remaining motion for emergency relief as **MOOT**. (Dkt. # 32.)

BACKGROUND

On July 28, 2025, proceeding pro se, Plaintiffs Kerry Ray Lampkin Sr.[1] and Kerry Ray Lampkin Jr. filed suit against Defendants Dash Recovery, LLC; Tony Perez; Tommy Gass; Gregory Artis; Wheels Financial Group, LLC d/b/a Loanmart; and Does 1-5. (Dkt. # 1 at 1–3.) Plaintiffs challenge a state court judgment concerning the repossession of their vehicle, a 2018 Chevy Silverado 3500 HD. (Dkt. # 5 at 2; Dkt. # 1 at 5, 8.) Plaintiffs allege the Third Court of Appeals in Austin, Texas, has denied Plaintiffs' appeal, leaving them without adequate remedy. (Dkt. # 5 at 2.) Plaintiffs bring their case pursuant to 42 U.S.C. § 1983. (Dkt. # 1 at 3.) They allege violations of the Fourth Amendment, Fourteenth Amendment, Truth in Lending Act, Fair Debt Collection Practices Act, and Federal Trade Commission Act. (Id.) They also allege a conspiracy to deprive them of their rights. (Id.)

Judge Howell issued his Order and Report on October 17, 2025 granting Lampkin Jr. leave to proceed *in forma pauperis* but recommending dismissal of Lampkin Sr., who failed to submit an application to proceed *in forma*

[1] Plaintiff's Amended Complaint excludes Kerry Ray Lampkin, Sr. from this action as a Plaintiff, leaving only Lampkin Jr. as the sole plaintiff. (Dkt. # 10.)

*pauperis* after being prompted, and who did not pay the filing fee otherwise. Judge Howell continued by recommending that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismiss Plaintiff's case without prejudice for lack of jurisdiction. In reaching this conclusion, the Magistrate Judge notes that the Court lacks jurisdiction to consider the case, and that the *Rooker-Feldman* doctrine bars this Court's review of a state court judgment. (Dkt. # 13 at 4–5.) Plaintiff objected to the Magistrate Judge's Report and Recommendations in several different filings, including on October 31, 2025, November 7, 2025, and February 24, 2026 ("Objections"). (Dkt. ## 18, 28, 33.)

## LEGAL STANDARD

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific, genuine objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

Lampkin's objections allege that the Report "fails to address the verified harm, spiritual standing, and fiduciary breach," and states that Petitioner "operates outside the United States jurisdiction as a living man domiciled in Texas (The Republic), and not a U.S. citizen or subject to foreign public jurisdiction, and thus invokes equity, private jurisdiction, and trust law principles." (Dkt. ## 18, 28.) Plaintiff's more recent supplement adds that jurisdiction is proper because his complaint alleges constitutional violations, and details "newly discovered information and ongoing harm" specific to the facts of his underlying state court case. (Dkt. # 33.) Upon review, Plaintiff's objections do not identify specific, genuine objections to the substance of Judge Howell's Order. (Dkt. # 13.)

The Court finds these objections are unsuccessful, even on de novo review. First, the Court agrees wholly with the Magistrate Judge's conclusion that the thrust of Plaintiff's complaint is challenging a state court action and this matter is thus barred by the Rooker-Feldman doctrine. Indeed, the relief requested in Plaintiff's Amended Complaint shows that Plaintiff is seeking an order (1)

enjoining his state court case and other enforcement actions; (2) vacating hearing dates in his state court case; and (3) preventing the sale, transfer, or disposition of his vehicle, which is the subject of his state court case. (Dkt. # 10.) Accordingly, Plaintiff's objections are thus **OVERRULED**.

As to the unobjected-to portions of Judge Howell's Report, the Court has reviewed them for clear error and finds none. Accordingly, the Court **ADOPTS** Judge Howell's Report and Recommendation in whole as the opinion of this Court. (Dkt. # 13.)

## CONCLUSION

For the reasons given above, the Court **ADOPTS** U.S. Magistrate Judge Howell's Report and Recommendation (Dkt. # 13), **DISMISSES WITHOUT PREJUDICE** under § 1915(e)(2) Plaintiffs' claims, and **DENIES** the remaining pending motion as **MOOT** (Dkt. # 32). The Clerk of the Court is **DIRECTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, July 20, 2026.

David Alan Ezra
Senior United States District Judge